# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 9, 2012

## STATE OF TENNESSEE v. VINCENT D. STEELE

### Appeal from the Circuit Court for Montgomery County
### No. 41100300    Michael R. Jones, Judge

### No. M2011-02330-CCA-R3-CD - Filed May 31, 2012

Following his guilty pleas to reckless aggravated assault, assault, and possession with intent to sell .5 grams or more of cocaine, the Montgomery County Circuit Court sentenced the defendant, Vincent D. Steele, as a Range I, standard offender to concurrent terms of four years, 11 month and 29 days, and 11 years' imprisonment, respectively, to be served consecutively to a previously-imposed sentence. On appeal, the defendant argues that the sentence imposed was excessive both in length and manner of service. Discerning no error, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

Roger E. Nell, District Public Defender (on appeal); and Crystal Myers, Assistant Public Defender (at plea and sentencing), for the appellant, Vincent D. Steele.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Daniel Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On March 8, 2011, the Montgomery County grand jury charged the defendant with evading arrest, resisting arrest, reckless aggravated assault, simple assault, driving on a revoked license, simple possession of marijuana, possession of drug paraphernalia, possession with intent to sell .5 grams or more of cocaine, and possession with intent to deliver .5 grams or more of cocaine all occurring during a single episode on January 5, 2011. On August 5, 2011, the defendant pleaded guilty to reckless aggravated assault, assault, and

possession with intent to sell .5 grams or more of cocaine. Pursuant to the plea agreement, the parties agreed that the defendant would be sentenced as a Range I, standard offender, that the sentences would be served concurrently with one another but consecutively to a previously-imposed sentence and that the remaining six counts of the indictment would be dismissed.[1] Thus, the plea agreement left to the trial court's discretion the length and manner of service of the sentences.

At the plea submission hearing, the State offered the following facts in support of the pleas:

> [T]he facts are that there was a shooting reported, as officers respond[ed] to that shooting . . . the [d]efendant was seen leaving the area where the shooting occurred . . . [and] the officers observed his vehicle cross the yellow line continuously . . . [so] the officer[s] stopped the vehicle at that point. Immediately, as they approached the vehicle, they noticed a bag containing what appeared to be marijuana . . . on the console of the vehicle. The [d]efendant was asked to get out of the vehicle. He did. He fled at that point. The officer[s] tried to restrain him and he fought with them. Officer Scudd[er] was injured, suffered a broken finger as a result of that. That injury actually required surgery and some long-term disability for Officer Scudd[er]. In a search incident to that arrest, they did find cocaine in the vehicle . . . .

At the September 29, 2011 sentencing hearing, Clarksville Police Department ("CPD") Officer Llin Scudder testified that a fight occurred while trying to arrest the defendant. She said that "sometime during the fight[,] my ring finger broke." Officer Scudder testified that her injury required surgery during which two pins were placed in her finger. She also required physical therapy and was restricted to "light duty for approximately three months." Officer Scudder testified that she continued to experience stiffness in the finger and that "it's been over six months now and I still can't close my hand completely."

---

[1] Prior to entry of the guilty pleas, the State had filed notice of its intention to seek enhanced punishment and sentencing of the defendant as a Range II, multiple offender. The notice indicates that the defendant was previously convicted in 1997 of facilitation of the sale of 26 grams of more of cocaine and facilitation of the sale of .5 grams or more of cocaine in a drug-free school zone. The notice also indicates that the defendant was previously convicted in 2005 of sale of .5 grams or more of cocaine, the conviction for which the defendant was on parole at the time the present offenses were committed.

CPD Officer David Johnson testified that he suffered a black eye, bloody nose, and swollen hand from the scuffle during the defendant's arrest.

CPD Officer Gregory Beebe testified that a search of the defendant's vehicle incident to the arrest revealed "a plastic bag that contained a crystalline rock like substance," "a small plastic bag that contained a white powder substance," "a plastic bag that contained a green plant like material," over $4,000, and "a set of digital scales with light residue." Laboratory tests confirmed the "crystalline" substance was 54.1 grams of crack cocaine, the "green plant material" was 2.8 grams of marijuana, and the "white powder substance" was .07 grams of cocaine.

In addition to the conviction history listed in the presentence report, the parties agreed that the defendant had been convicted in October 2005 of simple possession of marijuana and possession with intent to sell .5 grams or more of cocaine.

In determining the length of the defendant's sentences, the trial court considered as mitigation that the defendant "did enter pleas of guilty, he was working, [and] he does have children." *See* T.C.A. § 40-35-113(13). As enhancement, the trial court "gave great weight" to the defendant's "three [prior] Class B felony convictions" and the defendant's parole status at the time the present offenses were committed. *See* T.C.A. § 40-35-114(1), (13). The trial court imposed sentences of four years for the reckless aggravated assault, 11 months and 29 days for the assault, and 11 years for the cocaine offense. In consideration of the defendant's parole status at the time the present offenses were committed, the trial court ordered service of the sentences in confinement.

On appeal, the defendant challenges the length of the sentences imposed and the trial court's denial of a sentence less than confinement. Notably, the defendant does not contest the trial court's application of any enhancement or sentencing factors, only the length of the sentences imposed, particularly the 11-year sentence, which he argues precluded the trial court's imposition of a probationary sentence. He makes no specific argument, however, concerning his suitability for a sentence less than confinement. The State argues that the record fully supports the trial court's sentencing decision in this case.

When considering challenges to the length and manner of service of a sentence this court conducts a de novo review with a presumption that the determinations of the trial court are correct. T.C.A. § 40-35-401(d) (2006). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The appealing party, in this case the defendant, bears the burden of establishing impropriety in the sentence. T.C.A. § 40-35-401, Sentencing Comm'n

Comments; *see also Ashby*, 823 S.W.2d at 169. If our review of the sentence establishes that the trial court gave "due consideration" to the appropriate "factors and principles which are relevant to sentencing under the Act, and that the trial court's findings of fact . . . are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Since the 2005 revisions to our sentencing act rendered enhancement and mitigating factors advisory, appellate review does not extend to the weight afforded mitigating and enhancement factors by the trial court. *State v. Carter*, 254 S.W.3d 335, 345-46 (Tenn. 2008). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

> In making its sentencing decision, the trial court was required to consider:
>
> (1) The evidence, if any, received at the trial and the sentencing hearing;
>
> (2) The presentence report;
>
> (3) The principles of sentencing and arguments as to sentencing alternatives;
>
> (4) The nature and characteristics of the criminal conduct involved;
>
> (5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
>
> (6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
>
> (7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b). The trial court should also consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(5).

The defendant argues that "there is no available remedy, there is no right to appeal" an excessive sentence. He contends that the appellate courts "have eviscerated the

statutory right [to appeal provided in T.C.A. § 40-35-401(b)(2)] by [a] restrictive standard of review . . . and [a] self-imposed restriction upon disturbing the sentence of the trial court." Despite the defendant's argument that the appellate courts have "eviscerated" the defendant's right to appeal the trial court's sentencing determination, our appellate review, as previously outlined, reveals that the record in this case reflects that the trial court considered the sentencing principles and all relevant facts and circumstances in arriving at the length of sentences. Furthermore, as conceded by the defendant, the trial court applied appropriate enhancement and mitigating factors. As previously stated, since the 2005 revisions to our sentencing act rendered enhancement and mitigating factors advisory, appellate review does not extend to the weight afforded mitigating and enhancement factors by the trial court. *Carter*, 254 S.W.3d at 345-46. In that sense, when the only challenge to the sentence is to the weight afforded by the trial court to enhancement and mitigating factors, we agree that we are precluded from disturbing the sentence of the trial court.

That being said, in this case the defendant was convicted previously of two Class B felony cocaine offenses for which he received placement on community corrections. During that time, the defendant garnered convictions for criminal trespassing, two driving on a revoked license offenses, and cruelty to animals. In 2005, the defendant garnered a third Class B cocaine conviction and was on parole from that offense at the time of the commission of the present offenses. The defendant's prolific history of cocaine convictions fully supports the lengths of sentences imposed by the trial court in this case.

Accordingly, we affirm the judgments of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE